### No. 11,606.

### STATE OF LOUISIANA VS. HENRY KING.

Evidence of previous threats is inadmissible in evidence when no overt act of the deceased against the accused has been established.

Threats alone do not constitute an overt act.

APPEAL from the Eleventh District Court, Parish of St. Landry. *Perrault, J.*

---

*M. J. Cunningham*, Attorney General, and *R. Lee Garland*, Acting District Attorney, for Plaintiff, Appellee.

*E. P. Veazie* and *John N. Ogden* for Defendant, Appellant.

---

The opinion of the court was delivered by

McENERY, J.   The accused was indicted for murder, tried and convicted of manslaughter.   He appealed.

An assignment of errors has been filed that the record does not show that the accused was arraigned.

He was arraigned, but inadvertently this fact was omitted from the record.   It has been supplied, and the record completed since the filing of the transcript.

We find one bill of exception in the record, taken to the ruling of the judge in excluding testimony as to previous threats of deceased against accused.

The bill is as follows:

"The State, in placing its case before the jury, introduced as witnesses Tete Williams and Sam Dupre, who stated that defendant was the aggressor in the fatal difficulty.   When defendant opened his case he put at issue the correctness of this testimony, and took the position that he had the right to show who was the aggressor at the time of the fatal conflict, and to this end had the right to show recent threats made against him by the deceased, and called Mariah Greenfield for the sole purpose of proving said recent threats, and to show by them who was the aggressor in the fatal encounter only, and to maintain his plea of self-defence.   But his Honor, the presiding judge, excluded said evidence on the ground, viz.: Because the evidence showed conclusively and beyond any doubt that the deceased made no act or hostile demonstration toward the accused, and because the evidence showed conclusively and beyond doubt that the defendant was the aggressor; in fact, that he grabbed and stabbed the deceased as he went through the door of the store opening on the gallery.   It was further shown that deceased remained in said store quite awhile to avoid the accused, and was attempting to go home when killed.

"It was further shown that accused had posted himself at that door a short time prior to the homicide.   That he had stated about an hour prior to the homicide that he would kill the deceased if he had to remain there at the store until morning.   This state of facts was not attempted to be denied, except by testimony of accused, and the

court could not admit evidence of threats in the teeth of positive proof that defendant was the aggressor, and that deceased had made no overt act or hostile demonstration at the time his life was so ruthlessly taken."

The rule is so well established that previous threats of deceased against accused are inadmissible in evidence, unless an overt act or hostile demonstration of the deceased against the accused has first been established, that it is scarcely necessary to cite authorities. Wharton, Sec. 757; State vs. Ford, 37 An. 443; State vs. Labuzan, 37 An. 489; State vs. Janvier, 37 An. 644; State vs. Kervin, 37 An. 782; State vs. Jackson, 37 An. 896; State vs. Brooks, 39 An. 817; State vs. Wilson, 43 An. 840; State vs. Cosgrove, 42 An. 753; State vs. Christian, 44 An. 950; State vs. Harris, 45 An. 843; State vs. Stewart, 45 An. 1164; State vs. Ernest Beck, 46 An. 1421; State vs. Adam Green, 46 An. 1522.

From the facts stated in the bill it appears that the deceased had made no demonstration whatever against the accused, and that the witness was put on the stand to prove threats, and "to show by them who was the aggressor in the fatal encounter only and to maintain his plea of self defence."

Threats alone do not constitute the overt act.

Judgment affirmed.